# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

SHERRY ANN MILLER                                                 PLAINTIFF

v.                                          CIVIL ACTION NO. 1:18-CV-048-NBB-DAS

BOARD OF TRUSTEES OF THE INSTITUTE OF
HIGHER LEARNING FOR THE STATE OF MISSISSIPPI,
AND THE UNIVERSITY OF MISSISSIPPI                          DEFENDANTS

## ORDER DENYING MOTION TO RECONSIDER ORDER GRANTING DISCOVERY LIMITED TO ELEVENTH IMMUNITY ISSUE

Before the Court is Defendants [23] Motion to Reconsider this Court's [21] Order Granting Discovery Limited to Eleventh Amendment Immunity Issue. Defendants argue this Court committed a clear error of law by permitting the requested discovery, resulting in manifest injustice.

Reconsideration may be granted to address "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Davis v. Louisville Mun. Sch. Dist.*, 2010 WL 1141097, *1 (N.D. Miss. Mar. 22, 2010). "Granting a motion for reconsideration, however, is 'an extraordinary remedy and should be used sparingly.'" *Id.* (quoting *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007)).

First, Defendants argue this Court erred by granting Plaintiff discovery to determine "whether the state has expressly and *voluntarily* waived its sovereign immunity, independent of congressional condition," because Plaintiff advanced a theory based solely on waiver conditioned on the grant of federal funds. But, as this Court noted in its order, Plaintiff clarified its position that, although the ADEA is not a statute by which Congress has exercised its powers under the Spending Clause to condition receipt of federal funds on a waiver of Eleventh

Amendment immunity, "it does not mean that the State did not make some express waiver of its Eleventh Amendment sovereign immunity."[1]

Next, Defendants argue Plaintiff's discovery requests "relate solely to immunity waiver through acceptance of conditions in federal funding." However, the Court does not read Plaintiff's requests so narrowly. Interrogatory No. 1 asks "whether or not Defendants are currently receiving or have received in the past three (3) years any federal funds." There is no conditional limitation. Interrogatory No. 2 asks, if the answer to No. 1 is in the affirmative, to "describe the amount and source of such funds." Again, there is no conditional limitation. Interrogatory No. 3 asks "whether, in connection with the receipt of any federal funds, Defendants executed any contract document *whereby they agreed to waive any immunities they might have to employment discrimination suits*" (emphasis added). Rather than being limited to a Congressional condition, this interrogatory asks whether Defendants have executed any contract whereby they agreed to waive *any* immunity they might have to employment discrimination suits.

This is the heart of Plaintiff's requested discovery. Either the State has agreed to waive its immunity or it has not. There is a difference, subtle as it may be, in Congress conditioning receipt of federal funds on the State's waiver of immunity and the State voluntarily waiving that immunity. *See Watson v. Texas*, 261 F.3d 436, 440 (5th Cir. 2001) ([U]nlike any other issue of federal subject matter jurisdiction, [Eleventh Amendment immunity] can be waived by the state.").

A state's waiver must be unequivocal, but it can be either express or implied. Where

---

[1] Pl. Reply Br. [20] at 2. Defendants now argue that this was an impermissible "change in course" presented in Plaintiff's Reply. However, Defendants have waived and are barred from making that argument. *See* Df. Response Br. [19] at n.2. ("If Miller's rebuttal expands the scope of her arguments, Defendants advise the Court they will seek leave to file a sur-rebuttal to address any new or non-briefed arguments."). No sur-rebuttal was sought, and Plaintiff's clarification is deemed included in her original argument.

> waiver is by express statement, the intent to waive immunity from suit in federal court must be stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.

*Id.* at 440-41 (internal citations omitted). Plaintiff seeks to determine whether the State has voluntarily, expressly, and unequivocally waived its Eleventh Amendment immunity. The State knows whether it has entered into such a contract.[2]

If Defendants executed a contract whereby they agreed to waive immunities to employment discrimination suits, Request for Production No. 1 seeks copies of such contract. Request for Production No. 2 seeks copies of all contracts between Defendants and any agency of the United States "relating to any conditions that may be imposed upon Defendants as a condition to receipt of federal funds." While such a request is broader than Request for Production No. 1, Request for Production No. 2 helps to ensure that a waiver does not go undiscovered through a narrow interpretation of Request for Production No. 1.

Defendants bemoan that the granted discovery forces them to "prove a negative." On the contrary. If there is no waiver, there is no waiver. Defendants need only candidly answer the requested discovery. The onus remains on the Plaintiff to show that Eleventh Amendment immunity has been waived. The discovery responses will aid her in that quest.

Again, the Court notes that a waiver such as the one Plaintiff seeks to discover is highly unlikely. The State's Eleventh Amendment immunity is one that must be closely protected, having both constitutional and jurisdictional implications. But this Court must know whether that immunity applies to this case. Either it does, or it doesn't. Either this Court has jurisdiction, or it

---

[2] Defendants argue an express waiver must be by statute or by contract entered into by the parties to the suit. Defendants' cited authority does not support this argument, and the Court can find none that does. A contractual agreement with the United States, or any of its agencies or departments, to waive Eleventh Amendment immunity is an express waiver of Eleventh Amendment immunity.

doesn't. That is the question this Court has to answer, and the requested discovery should aid this Court in that inquiry.

The Motion for Reconsideration is **DENIED**. The parties shall have an additional fourteen (14) days from the date of this Order to complete the limited discovery allowed herein.

SO ORDERED, this 12th day of September, 2018.

    /s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE