IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHERRY ANN MILLER                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:18-CV-00048-NBB-DAS

BOARD OF TRUSTEES OF THE INSTITUTE OF
HIGHER LEARNING FOR THE STATE OF MISSISSIPPI,
and THE UNIVERSITY OF MISSISSIPPI                                                                  DEFENDANTS

ORDER

This cause comes before the court upon the defendants' Rule 72 Objection to the Magistrate Judge's September 12, 2018 Order denying defendant's Motion to Reconsider Order Granting Limited Discovery as to Eleventh Amendment Immunity. Upon due consideration of the objection, response, and applicable authority, the court finds as follows:

Plaintiff Sherry Miller asserts claims against Defendants for alleged violations of the Age Discrimination in Employment Act and the Family Medical and Leave Act after her employer, Defendant University of Mississippi, denied her application for promotion. On June 8, 2018, Defendants moved to dismiss Miller's age discrimination claim on the basis of Eleventh Amendment immunity. In response, Miller filed a motion for discovery limited to the immunity issue which the Magistrate granted on July 17, 2018. In that order, the Magistrate allowed Miller thirty (30) days to conduct the aforementioned discovery.

Defendants subsequently filed a motion for reconsideration of the order granting discovery on July 27, 2018. On September 12, 2018, the Magistrate entered an order denying Defendants' motion to reconsider and permitting Miller fourteen (14) additional days to take the limited discovery. On September 26, 2018, the last day that discovery could be taken pursuant to

the Magistrate's order, Defendants filed the instant Objection and moved for a stay of the discovery order.[1]

The Local Rules provide that "[n]o ruling of a magistrate judge . . . will be reversed, vacated, or modified . . . unless the district judge determines that the . . . ruling is clearly erroneous or contrary to law." Uniform Local Rule 72(a)(1)(B). Accordingly, the standard by which the court reviews such orders is "extremely deferential." *See Bailey Metals, LLC v. Superior Boat Works*, 2011 WL 320805 (citing *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)).

Defendants object to the Magistrate's order denying their motion for reconsideration. Motions for reconsideration may be granted upon one of four grounds: "(1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change of the law." *Johnson v. Buentello*, 2010 WL 727752, at *1 (N.D. Tex. Mar. 2, 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Such motions are not meant to be used as a vehicle to relitigate issues that "should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Id.* (quoting *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. Jun. 5, 2002)). Thus, granting such motions is "an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007).

---

[1]The Court notes that Defendants should have filed the motion for a stay immediately following the Magistrate's initial order granting discovery. Otherwise, pursuant to the rules, Defendants were required to comply and respond to Miller's discovery requests. *See* Uniform Local Rule 72(a)(2) (providing that "[a] magistrate judge's ruling . . . will remain in effect unless and until reversed, vacated, modified, or stayed. The filing of a motion for reconsideration does not stay the magistrate's ruling . . . .").

As noted above, the magistrate granted Miller's motion for limited discovery despite Defendants' opposition. Defendants then moved to reconsider and asserted that the magistrate had committed a clear error of law. In support, Defendants contended that Miller had failed to articulate a "colorable" theory of waiver. Defendants further argued that Miller's proposed discovery was unnecessary to determine the immunity issue. The magistrate rejected each of these arguments.

Miller maintains that there may exist an agreement between the federal government and Defendants whereby Defendants agreed to waive their immunity in employment discrimination suits, like this one, whether or not such waiver is related to conditions placed upon the receipt of federal funds. While Miller's theory may not be a particularly compelling one, it was nonetheless sufficiently articulated. As the magistrate noted, such a waiver is highly unlikely, but the court should not simply presume that one does not exist. Moreover, discovery of such information would undoubtedly be helpful in determining whether Defendants are entitled to immunity on Miller's age discrimination claim.

Defendants additionally took issue with Miller's Request for Production No. 2, which provides as follows:

> Please produce for inspection and copying . . . any documents, including letters and contracts, between any agency of the United States and Defendants relating to *any* conditions that may be imposed upon Defendants as a condition to receipt of federal funds.

In opposing this request, Defendants argued that "compliance with this request would entail inordinate amounts of time and resources to identify, locate, review, and produce." Defendant further contended that they "should not be forced to bear this expense" as doing so would "require the unnecessary expenditure of the same funds Eleventh Amendment immunity is [] designed to preserve." After careful consideration, the court agrees with Defendants in this

one respect.  Rather than being narrowly-tailored to the immunity issue, Miller's second request for production of documents is overly broad and Defendants' compliance would be unduly burdensome and costly.

Accordingly the court finds that Defendants' objection is **sustained in part and overruled in part**.  Defendants' objection is **sustained** only as to Miller's Request for Production No. 2.  Defendants, therefore, are not subject to this discovery request.  Defendants' objection is **overruled** in all other respects.  Miller has fourteen (14) days from the date of this order to conduct the remaining immunity-related discovery.  If she so chooses, Miller may file her supplemental response to Defendants' motion to dismiss within fourteen (14) days of the discovery deadline.  Defendants shall have seven (7) days from that date to file any reply.

**SO ORDERED AND ADJUDGED** this, the 17th day of October, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**